1  **LAW OFFICES OF GUGLIOTTA & ASSOCIATES**
   **RICHARD G. GUGLIOTTA**
2  1941 Williamsbridge Road
   Bronx, NY 10461
3  Telephone: 718-409-9026

4  **THORNTON DAVIDSON & ASSOCIATES**
   **THORNTON DAVIDSON**
5  2055 San Joaquin Street
   Fresno, CA 93721
6  Telephone:(559)256-9800
   Telefax:(559)256-9795
7  e-mail: thorntondavidson@aol.com
   *pro hac vice*

8

9  Attorneys for Plaintiff Jennifer Gura

10

JUDGE ROBINSON

06 CV 15174

11            UNITED STATES DISTRICT COURT OF NEW YORK

12                      SOUTHERN DISTRICT

13  JENNIFER GURA,                    )   Case No.:
                                      )
14              Plaintiff,            )   **COMPLAINT FOR DECLARATORY**
                                      )   **RELIEF**
15  v.                                )
                                      )
16  LIFE INSURANCE COMPANY OF         )
17  AMERICA; THE MACMANUS GROUP       )
    LONG TERM DISABILITY PLAN         )
18                                    )
            Defendants.               )
19                                    )

20

21      Plaintiff Jennifer Gura ("Plaintiff") alleges as follows:

22                        **JURISDICTION**

23      1.      Plaintiff's claim for relief arises under the Employee Retirement Income Security

24  Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3).  Pursuant to 29 U.S.C.

25  section 1331, this court has jurisdiction over this action because this action arises under the laws

26  of the United States of America.  29 U.S.C. section 1132(e)(1) provides for federal district court

27  jurisdiction of this action.

28

COMPLAINT FOR DECLARATORY RELIEF

## VENUE

2.      Venue is proper in the Southern Division in the District of New York because the acts and occurrences giving rise to Plaintiff's claim for relief took place in Blauvelt, New York in that Plaintiff is a resident of Blauvelt, New York, County of Rockland.  Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court.

## PARTIES

3.      Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the MacManus Group Long Term Disability Plan ("the Plan") and thereby entitled to receive benefits therefrom.  Plaintiff was a beneficiary because she was an employee of MacManus Group, which established the Plan.

4.      Defendant the Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

5.      Defendant Life Insurance Company of North America, also known as Cigna, is a corporation organized and operating under the laws of the State of Pennsylvania, authorized to transact insurance in the State of New York, and was insurer and decision maker for the Plan and is legally liable for paying the benefits sought herein.

## CLAIM FOR RELIEF

6.      The Plan provides long-term disability benefits after an elimination period of three months, which, for a person under the age of 61 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until age 65.

7.      In order to be eligible for benefits under the Plan, an employee must meet the Plan's definition of disability.  The Plan defines disability, as follows:

> "'he is unable to perform all the material duties of his regular occupation; and after Monthly Benefits have been payable for 24 months, he is unable to perform all the material duties of any occupation for which he is or may reasonably become qualified based on his education, training or experience."

8.      Plaintiff was employed by MacManus Group as an account supervisor.

9.      Plaintiff became totally disabled and ceased to work on or about September 6,

1997.

10.     Plaintiff remained disabled through the 180 day elimination period specified by the Plan.

11.     Plaintiff applied for and received Long-term Disability ("LTD") benefits from Cigna and the Plan from March 5, 1999 through July 22, 2004.

12.     By letter dated July 22, 2004, Cigna and the Plan terminated Plaintiff's LTD benefits effective August 5, 2004.

13.     By letter dated July 30, 2004, Plaintiff appealed the termination of LTD benefits.

14.     By letter March 15, 2005, Cigna and the Plan denied Plaintiff's appeal.

15.     On June 23, 2005 Plaintiff submitted a second appeal for the termination of her LTD benefits.

16.     Cigna and the Plan denied Plaintiff's second appeal, and notified her that her administrative remedies were exhausted.

17.     Pursuant to the requirements of Cigna and the Plan, Plaintiff applied for Social Security Disability benefits.  The Social Security Administration determined that Plaintiff was totally disabled not only from her own job, but also from any job in the national economy for which she was reasonably qualified by virtue of her age, education, experience and training and therefore awarded her Social Security Disability benefits.  Pursuant to the provisions of the Plan, once Plaintiff was awarded Social Security Disability benefits, her LTD benefits from the Plan were reduced.

18.     At all times mentioned herein Plaintiff was, and continues to be, totally disabled under the terms of the Plan.

19.     Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the  Plan.

20.     This Court is required to review the termination of Plaintiff's LTD benefits de novo.

21.     Defendants are judicially and collaterally estopped to deny that Plaintiff is totally disabled under the Plan because:

COMPLAINT FOR DECLARATORY RELIEF

    A.    Defendants required Plaintiff to apply for Social Security Disability benefits, and referred Plaintiff to a lawyer for that purpose.

    B.    Plaintiff did so, and, after a hearing in which she was found to be totally disabled from performing not only her own occupation, but also any occupation in the national economy for which she is reasonably qualified, she was awarded such benefits.

    C.    Pursuant to the terms of the Plan, all such benefits, except COLA's were paid or used to decrease Defendants' obligation to Plaintiff, except the amount of back benefits paid to attorney.

22.    Cigna's and the Plan's termination of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

23.    An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Cigna and the Plan, on the other hand, with respect to whether Plaintiff is entitled to long-term disability benefits under the terms of the Plan.

24.    Plaintiff contends, and Cigna and the Plan dispute, that Plaintiff is entitled to benefits under the terms of the Plan for long-term disability because Plaintiff contends, and defendants Cigna and the Plan dispute, that Plaintiff is totally disabled.

25.    Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that Cigna and the Plan are obligated to pay long-term disability benefits, under the terms of the Plan, retroactive to the first day of her eligibility, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

26.    A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

27.    As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under

the terms of the Plan.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

WHEREFORE, Plaintiff prays judgment as follows:

1.    For declaratory judgment against defendants Cigna and the Plan, requiring Cigna and the Plan to pay long-term disability benefits under the terms of the Plan to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Plan.

2.    For attorney's fees pursuant to statute.

3.    For costs of suit incurred.

4.    For such other and further relief as the Court deems just and proper.

Dated: December _13_, 2006

RICHARD GEORGE GUGLIOTTA
RICHARD G. GUGLIOTTA
1941 Williamsbridge Road
Bronx, NY 10461-1604
Telephone: 718-709-9026
Telefax: 718-319-9877
e-mail:
Attorney for Plaintiff, JENNIFER GURA

Dated: December _13_, 2006

THORNTON DAVIDSON
THORNTON DAVIDSON & ASSOCIATES
2055 San Joaquin Street
Fresno, CA 93721
Telephone:(559)256-9800
Telefax:(559)256-9795
e-mail: thorntondavidson@aol.com
Attorney for Plaintiff, JENNIFER GURA

Dated December 17, 2005

John C Gugliotta
Gugliotta & Associates
1941 Williamsbridge Rd
Bronx NY 1461